## BRAHY v. FEDERAL RADIO COMMISSION.
### No. 5414.

Court of Appeals of the District of Columbia.

Argued March 7, 1932.

Decided June 6, 1932.

M. J. Colbert, of Washington, D. C., for appellant.

Thad H. Brown and D. M. Patrick, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decision of the Federal Radio Commission denying the application of appellant Brahy for a renewal of the license of his broadcasting station, WLBX, located at Long Island City, N. Y.

The station was first established in 1926 and has since been operating under licenses from the Secretary of Commerce and the Radio Commission. The record does not disclose that the station was ever the subject of complaint as to the character or quality of its service.

On February 16, 1930, following the filing of appellant's application, the Commission notified him that his application had been examined and that the Commission, "not being satisfied that the public interest, convenience or necessity would be served by the granting thereof," had designated the matter for hearing; that the station had not been operating in the public interest, convenience, and necessity, in that the applicant had violated the Commission's orders and regulations in the following particulars, to wit, that on or about November 20, 1930, the station was using power in excess of that authorized in its license; and that on or about November 20, 1930, the transmitter of the station was

located at a different place from that specified in its license to operate. Attention was also directed in the notice that, while the application for renewal constitutes a part of the record, it is not part of the testimony, and that the applicant "should be prepared, at the hearing, to introduce testimony to prove the allegations contained in his application." Applicant's specific attention was directed to the regulation requiring an applicant who wishes to avail himself of the opportunity to be heard to file with the Commission within 20 days of the mailing of the notice of hearing "a written appearance consisting of a statement of his desire to be heard, together with a statement in writing of the facts which he expects to prove at such hearing, and an affidavit showing that a copy of such written statement has been served upon or mailed to all other parties notified of the hearing."

It developed that the second ground of complaint, namely, that the transmitter was located at a different place from that specified in its license to operate, was without foundation and, therefore, was abandoned.

At the hearing before an examiner, evidence was introduced tending to show deviations of the station from its assigned frequency of 1,500 kc on September 24 and September 26, 1930. The change in frequency on the 24th was due to a cracked crystal. One extra crystal was available, but had not been maintained at a proper temperature. Evidence was also introduced tending to show that the station had been operated at a power in excess of that authorized by its license, and, for a few minutes, by a person other than a licensed operator.

Appellant testified in his own behalf. At the close of his testimony he was asked, "Do you have anything further to offer, Mr. Brahy?" He replied, "I do not believe so." The record recites that whereupon "the hearing in the above-entitled matter was concluded and the case was submitted."

The examiner found against appellant on all grounds, and appellant filed exceptions to the report.

The Commission found that the station had violated the terms of its license by operating with excessive power, on frequencies more than 500 cycles removed from its assigned frequency, by a person other than a licensed operator, and without the required announcements of call letters, or phonograph records; that there was not a sufficient showing made as to the character of the service being rendered by the applicant station; and that no showing was made that a need exists for the service rendered by the station. The Commission further found that public interest, convenience, and/or necessity would not be served by granting the application.

While the burden is on the applicant for a renewal of a license (KFKB Broadcasting Ass'n v. Fed. Radio Com., 60 App. D. C. 79, 47 F. (2d) 670, 59 W. L. R. 208; Campbell v. Galeno Chem. Co., 281 U. S. 599, 609, 50 S. Ct. 412, 74 L. Ed. 1063), justice requires that he should receive notice of charges a sufficient time in advance of the hearing to enable him to prepare his defense. The only charge appellant was on notice to meet was that relating to the use of excessive power on November 20, 1930. The hearing was much broader in scope, and appellant, had he applied for it, would have been entitled to a continuance of sufficient length of time to enable him to prepare his defense. An applicant, especially one whose station has been operating for years without being the subject of complaint, ought not to be compelled to incur the expense of producing witnesses at a hearing to meet possible or imaginary charges. He is entitled to reasonable notice of the specific issues to be determined at the hearing. But in the present case appellant elected to proceed with his defense, thereby waiving the lack of notice.

On the record before us we are unable to say that the findings of fact of the Commission are not supported by substantial evidence, or that the ultimate findings of the Commission are either arbitrary or capricious. It results that the decision must be affirmed.

Affirmed.